**LEVINE, BENJAMIN, TUSHMAN, BRATT, JERRIS and STEIN, P.C., Plaintiff,**

v.

**The PAUL REVERE LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. 94–73961.

United States District Court, E.D. Michigan, Southern Division.

Jan. 25, 1995.

Greg M. Liepshutz, Southfield, MI, for plaintiff.

Stephen J. Hitchcock, Cox, Hodgman & Giarmarco, Troy, MI, for defendant.

### OPINION and ORDER

FEIKENS, District Judge.

#### I. *Introduction*

Before me is plaintiff's motion to remand. I hold that Michigan Compiled Laws (M.C.L.) § 418.821 is not preempted by 29 U.S.C. § 1144 and therefore, plaintiff's motion to remand is granted.

#### II. *Background*

Phyllis Johnson (Johnson) was an employee for Schostak Brothers and Company, Inc. (Schostak). On June 1, 1990 Schostak entered into a contract with defendant, Paul Revere Life Insurance Company, to provide group disability benefits to Schostak employees, including Ms. Johnson. The benefits plan (the Plan) contains a coordination of benefits provision which allows defendant to offset employee benefits by the amount of compensation received from other sources for the same injury. On November 30, 1990 Johnson filed a claim for disability benefits under the Plan. Defendant granted Johnson's request for benefits. Johnson also filed a worker's compensation claim, in which she was represented by plaintiff. Johnson recovered $56,500.00 as worker's compensation.

Defendant offset this amount under the coordination of benefits provision.

Plaintiff filed this action in State court when defendant refused to pay plaintiff attorney fees. Plaintiff claims that under the Worker's Disability Compensation Act, Michigan Compiled Laws (M.C.L.) § 418.821(2), when a group disability insurance company enforces an offset against worker's compensation benefits it must pay a proportionate share of the attorney fees of the attorney who secured the worker's compensation recovery.

Defendant filed a petition for a removal which stated that plaintiff's claim is preempted by the Employee Retirement Income Security Act (ERISA). Plaintiff objected to defendant's petition.

On November 10, 1994 I heard plaintiff's motion for remand. At the hearing plaintiff argued that its claim is not preempted, because ERISA does not refer to an attorney fee award after the enforcement of an offset provision. Defendant argued that Schostak is an employer engaged in commerce and that its contract with defendant is an employee benefit plan under ERISA. Therefore, plaintiff's claim is preempted.

### III. *Analysis*

Under 29 U.S.C. § 1114(a) ERISA supersedes state law, except as provided in subsection (b) of the chapter, when the law relates to an employee benefit plan that is established or maintained by an employer engaged in commerce. 29 U.S.C. §§ 1003(a), 1144(a). A law relates to an employee benefit plan if it has a connection with or reference to such a plan. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 8, 107 S.Ct. 2211, 2215–16, 96 L.Ed.2d 1. The provision was intended to help establish a uniform administrative scheme, which provided a standard set of procedures to guide administrators in the processing of claims and disbursement of benefits. *Moore v. Philip Morris Companies*, 8 F.3d 335, 341 (6th Cir.1993). A law

that does otherwise, i.e. subjects plan administrators to various laws that differ by state, is often preempted by ERISA. *Id.* at 342.

A state law that is preempted under the foregoing analysis may escape preemption under § 1144(b)(2)(A), commonly known as the "savings clause".[1] That section says:

> Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities.

*Id.*

Subparagraph (B) is known as the "deemer" clause. 29 U.S.C. § 1144(b)(2)(B). This subparagraph preempts laws that directly regulate insurance, and are within the savings clause, but are not allowed to reach self-funded ERISA plans because those plans may not be deemed insurance companies. *FMC Corp. v. Holliday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). In *FMC Corp.* the Court stated:

> An insurance company that insures a plan remains an insurer for purposes of state laws 'purporting to regulate insurance' after application of the deemer clause. **The insurance company is therefore not relieved from state insurance regulation.** The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer.

*Id.* at 61, 111 S.Ct. at 409. (emphasis added).

In this case, plaintiff interprets M.C.L. 418.821 as forcing insurance companies to reimburse attorneys that procure worker's compensation. Such a law is aimed at the insurance industry and is within the savings clause. Since defendant provided insurance for Schostak's benefits plan, the deemer clause is irrelevant. Therefore, the state law is not preempted.

---

1. The Supreme Court reads § 1144 as containing three clauses which are relevant in this case. *FMC Corp. v. Holliday*, 498 U.S. 52, 60–61, 111 S.Ct. 403, 408–9, 112 L.Ed.2d 356 (1990). The first, the "preemption" clause preempts everything except that discussed in the "savings clause". The savings clause delineates the areas that always escape preemption, except as provided in the "deemer clause". *Id.* at 61, 111 S.Ct. at 409. The deemer clause exempts self-funded ERISA plans from state laws that regulate insurance. *Id.*

### Conclusion

Accordingly plaintiff's motion to remand this case to state court is granted.  IT IS SO ORDERED.

